Tyson E. Logan, Wyoming Bar #6-3970
logan@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 fax

Attorney for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 MAY 2 AM 9 53

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMBER NICOLE LOMPE,<br><br>　　Plaintiff,<br><br>v.<br><br>SUNRIDGE PARTNERS, LLC; and<br>APARTMENT MANAGEMENT<br>CONSULTANTS, L.L.C.,<br><br>　　Defendants. | Civil No. **12CV088J**<br><br>**PLAINTIFF'S COMPLAINT &**<br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

On February 1, 2011, Amber Lompe was poisoned by carbon monoxide gas inside her apartment at the Sunridge Apartments in Casper, Wyoming. Lompe's carboxyhemoglobin level was near 30 percent before she was rescued from the toxic environment. She suffered serious permanent injuries – including a traumatic brain injury – as a result. Sunridge Partners, LLC (Sunridge) owns the Sunridge Apartments. Apartment Management Consultants, LLC (AMC), operates and manages the apartments. Sunridge and AMC's negligence caused the carbon monoxide leak that seriously injured Lompe.

This action for money damages is brought against Sunridge and AMC, the defendants responsible for Lompe's injuries and damages.

## II. PARTIES

### Plaintiff Amber Lompe

1. Plaintiff Amber Nicole Lompe was poisoned with carbon monoxide gas in her apartment because of the defendants' negligence and suffered serious and permanent injuries as a result.

2. Lompe was a "tenant" of Defendant Sunridge and/or Defendant AMC, within the definition by Wyoming law, at all times relevant to this complaint.

3. Lompe is a citizen of the State of Wyoming.

4. Lompe lived in Sunridge Apartment #436, located at 3900 E. 12th Street, Casper, Wyoming 82609 (the Apartment) at all times relevant to this complaint.

### Defendant Sunridge

5. Defendant Sunridge Partners, LLC is a Utah limited liability company. Its principal office is located at 353 E. 300 South, Salt Lake City, UT 84111. Its registered agent in Wyoming is: CT Corporation System, 1720 Carey Ave., Ste 200, Cheyenne, WY 82001.

6. Sunridge Partners, LLC also has an address listed with the Natrona County Assessor's office: 5633 E. Sorrento Dr., Long Beach, CA 90803.

7. As a limited liability company, Sunridge can only act through its members, managers, employees, and agents. As the employer of those who set policy and who are involved with its business operations, Sunridge is responsible for the acts and omissions of its managers, employees, and agents.

8. Sunridge owned the apartment complex known as "Sunridge Apartments" – and specifically including Apartment #436 – at all times relevant to this complaint.

9. On information and belief, Defendant Sunridge was Lompe's "landlord" as defined by Wyoming law, at all times relevant to this complaint.

### Defendant AMC

10. Defendant Apartment Management Consultants, L.L.C. is a Utah limited liability company. On information and belief AMC's headquarters is located at: 6915 South 900 East, Midvale, UT 84047. AMC's registered agent in Wyoming is: CT Corporation System, 1720 Carey Ave., Ste 200, Cheyenne, WY 82001.

11. As a limited liability company, AMC can only act through its members, managers, employees, and agents. As the employer of those who set policy and who are involved with its business operations, AMC is responsible for the acts and omissions of its managers, employees, and agents.

12. On information and belief, AMC operated and managed the Apartments – and specifically AMC operated and managed Lompe's Apartment – at all times relevant to this complaint.

13. On information and belief, AMC acted as Sunridge's agent at all times relevant to this complaint.

14. On information and belief, Defendant AMC was Lompe's "landlord" as defined by Wyoming law, at all times relevant to this complaint.

### III. JURISDICTION & VENUE

15. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

17. This Court is the proper venue pursuant to 28 U.S.C. § 1391 because the defendants' acts and omissions that harmed Lompe occurred in Wyoming.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION

18. Plaintiff incorporates and adopt by reference all the facts and allegations above as though fully set forth herein.

19. On or before the morning of February 1, 2011, the furnace and ventilation system in Amber Lompe's Sunridge Apartment #436 leaked poison carbon monoxide gas while she slept. Lompe woke up that morning surrounded by carbon monoxide levels at a dangerously high 500 parts per million inside the Apartment. The exposure to high levels of carbon monoxide gas caused Lompe to suffer a permanent traumatic brain injury.

20. On information and belief, prior to February 1, 2011, Sunridge and AMC had actual knowledge that furnaces in the Sunridge Apartment complex were in dangerous need of repair or replacement, and in fact that one or more of the Apartment complex's furnaces had leaked carbon monoxide gas in dangerous levels within the past year. Despite such knowledge, the defendants, in reckless disregard for the safety of the tenants, did nothing to improve the furnaces or protect their tenants, including Lompe.

21. On information and belief, on February 1, 2011, the Apartment's furnace leaked carbon monoxide in Lompe's apartment while she slept.

22. On information and belief, on February 1, 2011, the Apartment's ventilation system leaked carbon monoxide in Lompe's apartment while she slept.

23. Lompe's carboxyhemoglobin level at the time she left the toxic environment was near 30 percent.

24. Carbon monoxide gas also spread into the Sunridge Apartments hallway and into at least one other apartment, in addition to Lompe's.

25. Carbon monoxide levels were measured in the hallway outside Lompe's Apartment at 60 parts per million.

26. No carbon monoxide detectors or alarms ever sounded that morning, anywhere at the Sunridge Apartments.

27. Defendants Sunridge and/or AMC failed to provide Lompe with a working carbon monoxide detector when she moved into the Apartment.

28. Sunridge did not provide Lompe with a working carbon monoxide detector until after the February 1, 2011 incident.

29. AMC did not provide Lompe with a working carbon monoxide detector until after the February 1, 2011 incident.

30. Defendants Sunridge and/or AMC replaced the Apartment's furnace sometime after February 1, 2011, knowingly destroying the defective and dangerous product that had injured Lompe.

31. Sunridge and/or AMC destroyed the furnace from Lompe's Apartment in bad faith, knowing she was seriously injured and that litigation was reasonably foreseeable stemming from the incident. Such destruction and spoliation of evidence was done deliberately, and with reckless disregard to the relevance of the furnace in question.

32. On information and belief, a hidden or latently dangerous condition, known to the Sunridge and/or AMC, and unknown to Lompe, caused her injuries.

33. Defendants' negligent, grossly negligent, reckless, willful and wanton acts and omissions directly, legally, and proximately caused serious injuries and damages to Plaintiff, as more particularly set forth below in the section of this Complaint entitled "Damages."

## V. FIRST CAUSE OF ACTION
### NEGLIGENCE – DEFENDANT SUNRIDGE

34. Plaintiff incorporates and adopt by reference all the facts and allegations above as though fully set forth herein.

35. Defendant Sunridge owed Lompe a duty to exercise reasonable care under the circumstances.

36. Defendant Sunridge owed Lompe – as a tenant – a duty to exercise reasonable care under the circumstances.

37. Defendant Sunridge, through the acts and omissions of its employees, members, managers, and agents, breached and violated its duty of care to Lompe.

38. The acts and omissions constituting such breaches and violations include, but are not limited to, the following:

   a. Failure to exercise reasonable care under all of the circumstances;

   b. Failure to provide and/or maintain the Apartment in a safe and sanitary condition fit for human habitation;

   c. Failure to provide and/or maintain the Apartment's heating system in a reasonably safe condition;

   d. Renting the Apartment to Lompe in an unsafe, unsanitary, and/or unfit condition for human occupancy;

  e. Failure to perform a reasonable inspection of the Apartment – including a reasonable inspection of the Apartment's furnace and ventillation system – before renting it to Lompe;

  f. Failure to warn of the unreasonably dangerous condition in Lompe's Apartment;

  g. Failure to comply with applicable federal and state regulations and laws;

  h. Failure to comply with industry safety standards;

  i. Failure to keep the Sunridge Apartments rental property safe; and

  j. Other negligence.

39. Defendant Sunridge's acts and omissions played a substantial part in bringing about Plaintiff's injuries and damages.

40. Defendant Sunridge's negligent, grossly negligent, and willful and wanton acts and omissions directly, legally, and proximately caused serious injuries and damages to Lompe, as more particularly set forth below in the section of this Complaint entitled "Damages."

## VI. SECOND CAUSE OF ACTION
### NEGLIGENCE – DEFENDANT AMC

41. Plaintiff incorporates and adopt by reference all the facts and allegations above as though fully set forth herein.

42. Defendant AMC owed Lompe – as a tenant – a duty to exercise reasonable care under the circumstances.

43. Defendant AMC, through the acts and omissions of its employees, members, managers, and agents, breached and violated its duty of care to Lompe.

44. The acts and omissions constituting such breaches and violations include, but are not limited to, the following:

  a. Failure to exercise reasonable care under all of the circumstances;

  b. Failure to provide and/or maintain the Apartment in a safe and sanitary condition fit for human habitation;

  c. Failure to provide and/or maintain the Apartment's heating system in a reasonably safe condition;

  d. Renting the Apartment to Lompe in an unsafe, unsanitary, and/or unfit condition for human occupancy;

  e. Failure to perform a reasonable inspection of the Apartment – including a reasonable inspection of the Apartment's furnace and ventillation system – before renting it to Lompe;

  f. Failure to warn of the unreasonably dangerous condition in Lompe's Apartment;

  g. Failure to comply with applicable federal and state regulations and laws;

  h. Failure to comply with industry safety standards;

  i. Failure to keep the Sunridge Apartments rental property safe; and

  j. Other negligence.

45. Defendant AMC's acts and omissions played a substantial part in bringing about Plaintiff's injuries and damages.

46. Defendant AMC's negligent, grossly negligent, and willful and wanton acts and omissions directly, legally, and proximately caused serious injuries and damages to Lompe, as more particularly set forth below in the section of this Complaint entitled "Damages."

## VII. DAMAGES

47. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

48. As a direct and proximate result of the defendants' negligent, grossly negligent, reckless, willful and wanton, and otherwise wrongful acts and omissions, Plaintiff suffered serious injuries.

49. Lompe suffered injuries, including but not limited to: traumatic brain injury.

50. Lompe seeks damages including, but not limited to, the following:

    a. Medical expenses, in an amount to be proved at trial;

    b. Other pecuniary loss in an amount to be proved at trial;

    c. Physical, mental, and emotional pain and suffering damages, in an amount to be proved at trial;

    d. Loss of enjoyment of life, in an amount to be proved at trial;

    e. Caretaking expenses for necessary help in the home, in an amount to be proved at trial;

    f. Exemplary and punitive damages in a reasonable amount to be proved at trial, sufficient to adequately punish the defendants and to serve as a deterrent and warning against future conduct of the type alleged in this complaint; and

    g. Costs of this action and for other further relief as the court deems equitable and proper.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant judgment as follows:

1. Judgment against the defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial;

2. Judgment against the defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

3. Judgment against the defendants for punitive damages in a fair and reasonable amount to be proven at trial; and

4. Judgment for costs, interest and such other and further relief as the Court deems just and equitable.

DATED this 1st day of May, 2012.

*(signature)*

Tyson E. Logan, Wyoming Bar #6-3970
logan@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 fax

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff, by and through counsel, demands a jury trial to resolve this matter, and submits the requisite fee herewith.

DATED this ____ day of May, 2012.



Tyson E. Logan, Wyoming Bar #6-3970
logan@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 fax

Attorney for Plaintiff