Tyson E. Logan, Wyoming Bar #6-3970
logan@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 fax

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMBER NICOLE LOMPE,<br><br>        Plaintiff,<br><br>v.<br><br>SUNRIDGE PARTNERS, LLC; and<br>APARTMENT MANAGEMENT<br>CONSULTANTS, L.L.C.,<br><br>        Defendants. | Civil No. **12-CV-088-J**<br><br>**PLAINTIFF'S EXPERT DESIGNATION** |

Plaintiff Amber Lompe designates expert witnesses and provides the following summaries of testimony:

## RETAINED EXPERT WITNESSES

Plaintiff has retained the following individuals as expert witnesses to testify in this case. Plaintiff will provide these experts, without subpoena, for deposition at Defendants' expense.  As discovery is ongoing, Plaintiff reserves the right to supplement this designation as new information is made known to Plaintiff or her experts. Plaintiff reserves the right to supplement this designation in response to any expert designation by Defendants, and any corresponding deposition of any expert designated by Defendants.  All depositions and discovery responses are therefore incorporated by reference herein.

1. **BERNARD CUZZILLO, Ph.D., P.E.**
   **President, Mechanical Engineer, and Fire Scientist**
   **Berkeley Research Company**
   **600 Addison St.**
   **Berkeley, CA 94710-1920**
   **510-868-4350**

Bernard Cuzzillo, Ph.D., P.E., is an expert mechanical engineer and fire scientist. Dr. Cuzzillo obtained his B.S. from U.C. Berkeley in Mechanical Engineering in 1989; his M.S. in Mechanical Engineering from U.C. Berkeley in 1982; and he completed a Doctorate in Mechanical Engineering from U.C. Berkeley in 1997. Dr. Cuzzillo is a registered mechanical engineer in the State of California, and a member of ASM International, the National Fire Protection Association, the American Society of Mechanical Engineers, and the Society of Forensic Engineers and Scientists. Dr. Cuzzillo is an invited lecturer in Mechanical Engineering 290F, a graduate class entitled Case Studies in Fire Safety Engineering Science, at the University of California at Berkeley. He has twice (2000, 2007) been the co-chairman of the seminars, Society of Forensic Engineers and Scientists. Plaintiff retained Dr. Cuzzillo to investigate and reconstruct the cause and circumstances leading to the February 1, 2011 carbon monoxide exposure incident that injured Amber Lompe.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

a. Dr. Cuzzillo's written report - including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions - is attached as Exhibit 1(a);

b. Dr. Cuzzillo's curriculum vitae, including a list of all publications authored within the preceding ten years, is attached as Exhibit 1(b);

c. A listing of any other cases in which he has testified as an expert at trial or by deposition in the preceding four years is attached as Exhibit 1(c);

d. Dr. Cuzzillo does not insist on any special conditions or requirements for taking his deposition. Dr. Cuzzillo charges $350 per hour for consulting, and for deposition and trial testimony, including traveling and waiting time. In the case of deposition testimony the charges begin at the appointed time.

If called as a witness at trial, Mr. Cuzzillo will testify to the facts and opinions contained in his report. Plaintiffs anticipate that the Defendants will take Mr. Cuzzillo's deposition prior to the discovery cut-off—Mr. Cuzzillo may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Mr. Cuzzillo reserves the right to supplement his opinions based upon review of additional information acquired, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

   **2.  MICHAEL J. SLIFKA, P.E.**
       **3221 Conservancy Lane**
       **Middleton, WI 53562**
       **608-827-5241**

Michael Slifka, P.E., is a life safety and fire protection and investigation, and life safety engineering expert. Mr. Slifka graduated from the Illinois Institute of Technology with a Bachelor of Science in Fire Protection and Safety Engineering. Mr. Slifka is a Registered Professional Fire Protection Engineer in California, a Fellow in Fire Forensics/Fire Investigations with the American College of Forensic Examiners, and a Diplomate in Fire Forensics/Fire Investigations with the American Board of Forensic Examiners. Mr. Slifka has served as the Chief Staff Engineer for Life Safety, Building and Fire Test Codes, for the National Fire Protection Association, and he has been the Chief of Safety, Occupational Health and Fire Protection Division for the Veterans Administration. Mr. Slifka also served as the Assistant Chief for Fire Protection Technology Transfer and as a Research Fire Protection Engineer for the Center for Fire Research, National Bureau of Standards. Mr. Slifka is the author and assistant technical editor of the First Edition of the Life Safety Code Handbook of the NFPA. Plaintiff retained Mr. Slifka to provide analysis and conclusions regarding safety engineering and life safety issues relative to the Sunridge Apartments and the February 1, 2011 carbon monoxide exposure incident that injured Amber Lompe.

   **Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

a.  Mr. Slifka's written report - including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions - is attached as Exhibit 2(a);

b.  Mr. Slifka's curriculum vitae, including a list of all publications authored within the preceding ten years, is attached as Exhibit 2(b);

c.  A listing of any other cases in which he has testified as an expert at trial or by deposition in the preceding four years is attached as Exhibit 2(c);

d.  Mr. Slifka does not insist on any special conditions or requirements for taking his deposition.  Mr. Slifka requires $220 per hour for deposition and in court testimony, plus expenses.  In the case of deposition testimony the charges begin at the appointed time.  Mr. Slifka charges $180/hour plus expenses for non-testimonial work.

If called as a witness at trial, Mr. Slifka will testify to the facts and opinions contained in his report.  Plaintiff anticipates that the Defendants will take Mr. Slifka's deposition prior to the discovery cut-off—Mr. Slifka may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Mr. Slifka reserves the right to supplement his opinions based upon review of additional information acquired, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

3.  **LINDELL WEAVER, MD, FACP, FCCP, FCCM, FUHM**
    **Medical Director Division Chief - Hyperbaric Medicine LDS Hospital**
    **Intermountain Medical Center, Murray, UT**
    **Professor of Medicine, Univ. of Utah School of Medicine**
    **804 Terrace Hills Dr.**
    **Salt Lake City, UT 84103**

Lindell Weaver, M.D., FACP, FCCP, FCCM, FUHM, is an expert board certified internal medicine specialist and pre-eminent expert in carbon monoxide poisoning cases; he is board certified in Internal Medicine with subspecialty certification in Critical Care Medicine and Pulmonary Disease.  He is board certified by the American Board of Preventative Medicine with a subspecialty certification in Undersea and Hyperbaric Medicine.  Dr. Weaver has a clinical practice in both hyperbaric medicine and critical care.  This practice includes evaluating and

managing patients with acute carbon monoxide poisoning as well as those with sequelae following poisoning. He has evaluated approximately 1000 carbon monoxide-poisoned patients over the last 25 years. He continues to evaluate and treat patients on-going. He has reported scientific results of over 200 patients followed in research trials with outcomes reported to one year after poisoning. In addition, he is a tenured-track Professor at the University of Utah. He is the Principal Investigator for carbon monoxide-related research at LDS Hospital, Salt Lake City, Utah and Intermountain Medical Center, Murray, Utah. In addition, he has collaborated in carbon monoxide-related investigations at the University of Utah Departments of Psychology, and Educational Psychology, Brigham Young University and Primary Children's Medical Center, Salt Lake City, Utah. He has published extensively in the field of carbon monoxide poisoning, and am recognized as an expert in carbon monoxide poisoning. Important carbon monoxide-related publications include results from a randomized trial investigating outcomes of poisoned patients treated with hyperbaric oxygen or normobaric oxygen (New England Journal of Medicine); Clinical Practice – Carbon Monoxide Poisoning (New England Journal of Medicine), development of white matter hyper-intensities on MRI following carbon monoxide poisoning (Neurology), Risk Factors for development of cognitive sequelae (American Journal of Respiratory and Critical Care Medicine, and others (see my curriculum vitae). He has provided expert testimony on carbon monoxide poisoning and its effects in cases from Utah, Colorado, Montana, Iowa, Kansas, Florida, Arizona, Maryland, New Jersey, Illinois, West Virginia, Kentucky, Missouri, Kansas, Wyoming, New Mexico, and California. Dr. Weaver's testimony has never been excluded from trial.

Plaintiff retained Dr. Weaver to conduct an in-depth carbon monoxide independent medical evaluation of Amber Lompe. Dr. Weaver has performed an interview and extensive evaluation with Amber Lompe, and he has incorporated findings from a number of other expert health care providers and physicians that he relies on in the course of formulating expert opinions. Dr. Weaver's report sets out his conclusions relative to the injuries Amber Lompe sustained as a result of the February 1, 2011 carbon monoxide exposure incident. *Dr. Weaver anticipates continuing to evaluate Amber Lompe's condition in follow-up sessions and/or evaluations in the future.*

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

a.   Dr. Weaver's written report - including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions - is attached as Exhibit 3(a);

b.   Dr. Weaver's curriculum vitae, including a list of all publications authored within the preceding ten years, is attached as Exhibit 3(b);

c.   A listing of any other cases in which Dr. Weaver has testified as an expert at trial or by deposition in the preceding four years, is attached as Exhibit 3(c); and

d.   Dr. Weaver does not insist on any special conditions or requirements for taking his deposition.  Dr. Weaver's professional fee is $550 per hour.  He requires $3000 if a half day is reserved for testimony and deposition, and $6000 if a full day is reserved.  If a deposition lasts less than one hour, the charge is $550. Prepayment for the reserved time, with the check received at least five business days in advance of the scheduled deposition, is required to avoid cancellation of the deposition.  If travel is required for deposition or trial, he bills travel-related expenses in addition to the charges above.

If called as a witness at trial, Dr. Weaver will testify to the facts and opinions contained in his report.  Dr. Weaver specifically reserves the right to supplement his opinions as a result of additional consultation and evaluation with any additional medical opinions and recommendations.  Plaintiff anticipates that the Defendants will take Dr. Weaver's deposition prior to the discovery cut-off—Dr. Weaver may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Weaver reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**4.   JOHN F. FOLEY, M.D.**
      **370 East 9th Ave., Suite 106**
      **Salt Lake City, UT 84103**
      **801-408-5700**

John Foley, M.D., is an expert board certified neurologist.  He is board certified in with the American Board of Electrodiagnostic Medicine, the American Board of Psychiatry and Neurology, and the American Board of Medical Examiners.  Dr. Foley performed neurologic

examination on Amber Lompe and has been retained to provide expert opinions regarding the injuries she sustained as a result of the February 1, 2011 carbon monoxide exposure incident.

Dr. Foley has performed an interview and extensive evaluation with Amber Lompe. Dr. Foley's report sets out his conclusions relative to the injuries Amber Lompe sustained as a result of the February 1, 2011 carbon monoxide exposure incident. Dr. Foley anticipates continuing to evaluate Amber Lompe's condition in follow-up sessions and/or evaluations in the future.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

    a. Dr. Foley's written report - including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions, including the referenced EEG Report - is attached as Exhibit 4(a);

    b. Dr. Foley's curriculum vitae is attached as Exhibit 4(b);

    c. A listing of any other cases in which Dr. Foley has testified as an expert at trial or by deposition in the preceding four years, is attached as Exhibit 4(c); and

    d. Dr. Foley does not insist on any special conditions or requirements for taking his deposition. Dr. Foley's professional fee is $600 per hour.

If called as a witness at trial, Dr. Foley will testify to the facts and opinions contained in his report. Dr. Foley specifically reserves the right to supplement his opinions as a result of additional consultation and evaluation with any additional medical opinions and recommendations. Plaintiff anticipates that the Defendants will take Dr. Foley's deposition prior to the discovery cut-off—Dr. Foley may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Foley reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**5. DENNIS HELFFENSTEIN, Ph.D., C.R.C.**
   **Colorado Neuropsychological Associates**
   **10 Inverness Dr. East**
   **Suite 215**
   **Englewood, CO 80112**
   **720-529-0190**

Dennis Helffenstein, Ph.D., C.R.C., is an expert Licensed Clinical Psychologist and expert neuropsychologist. Dr. Helffenstein has been a licensed clinical psychologist since 1983. He obtained a B.A. in Psychology in 1975 from the University of Virginia; a M.Ed. in Rehabilitation Counseling from the University of Virginia in 1976; and a Ph.D. in Counseling/Clinical Psychology in 1981 from the University of Virginia. Dr. Helffenstein has over 30 years of experience in the neuropsychological and psychological evaluation and treatment of individuals with a variety of neurological disorders. Dr. Helffenstein is a leading author on neuropsychological effects of carbon monoxide exposure and the evaluation of CO poisoning on brain-injured patients. Dr. Helffenstein has written extensively on the neurocognitive and neurobehavioral sequelae of carbon monoxide and brain injured patients.

Dr. Helffenstein was retained to provide expert analysis and opinions regarding the injuries she sustained as a result of the February 1, 2011 carbon monoxide exposure incident. Dr. Helffenstein performed neuropsychological examination on Amber Lompe in December 2011, and then a follow-up re-examination in November 2012. Dr. Helffenstein has performed an interview and extensive evaluation with Amber Lompe. Dr. Helffenstein's Neuropsychological Evaluation, and Neuropsychological Re-Evaluation, set out his conclusions relative to the injuries Amber Lompe sustained as a result of the February 1, 2011 carbon monoxide exposure incident.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

   a. Dr. Helffenstein's original written report –including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions – is attached as Exhibit 5(a);

---

    b.  Dr. Helffenstein's follow-up Re-Evaluation and written report – including a summary of his additional opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions – is attached as Exhibit 5(b);

    c.  Dr. Helffenstein's curriculum vitae is attached as Exhibit 5(c);

    d.  A listing of any other cases in which Dr. Helffenstein has testified as an expert at trial or by deposition in the preceding four years, is attached as Exhibit 5(d); and

    e.  Dr. Helffenstein does not insist on any special conditions or requirements for taking his deposition.   Dr. Helffenstein charges $350 per hour for case consultation and $550 per hour for deposition or trial  testimony, with a 2 hour minimum for deposition and 3 hour minimum for trial testimony.  Prepayment for deposition testimony is required at the time of scheduling.  Dr. Helffenstein's rate sheet is attached as Exhibit 5(e).

If called as a witness at trial, Dr. Helffenstein will testify to the facts and opinions contained in his reports.  Dr. Helffenstein specifically reserves the right to supplement his opinions as a result of additional consultation and evaluation with any additional medical opinions and recommendations.   Plaintiff anticipates that the Defendants will take Dr. Helffenstein's deposition prior to the discovery cut-off—Dr. Helffenstein may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Helffenstein reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

  **6.  S. GREGORY HIPSKIND, M.D., Ph.D.**
     **Nuclear Neurology and Neurobehavioral Medicine**
     **Physician Consultant to CereScan**
     **1335 Jamie Ln**
     **Waterloo, IL 62298**

Gregory Hipskind, M.D., Ph.D., is an expert nuclear neurologist with specific expertise in functional brain SPECT imaging in the evaluation of traumatic brain injury.  He obtained a B.S. from the University of Notre Dame in 1969; a Doctorate of Neurophysiology in 1978 from St. Louis University; and a Doctorate of Medicine from St. Louis University School of Medicine in

1978.  Dr. Hipskind is Board Certified by the American Board of Family Practice and he is Certified in Nuclear Competency by the Institute for Nuclear Medical Education.

Dr. Hipskind was retained to provide expert analysis and opinions regarding the functional brain SPECT imaging that was conducted for Amber Lompe to evaluate her injuries following the February 1, 2011 carbon monoxide exposure incident.  Dr. Hipskind has read and interpreted the high-resolution brain SPECT imaging performed by CereScan on Amber Lompe. Dr. Hipskind will testify about the abnormal brain SPECT study and the relevant conclusions regarding the traumatic brain injury Amber Lompe sustained as a result of the carbon monoxide exposure on February 1, 2011.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

      a.  Dr. Hipskind's report –including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions – is attached as Exhibit 6(a);

      b.  Dr. Hipskind's curriculum vitae, including a listing of any other cases in which he has testified as an expert at trial or by deposition in the preceding four years, is attached as Exhibit 6(b); and

      c.  Dr. Hipskind does not insist on any special conditions or requirements for taking his deposition.  Dr. Hipskind's professional fee is $850 per hour for deposition or trial testimony in carbon monoxide poisoning cases.  His medical consultation / testimony policy and rate sheet is attached as Exhibit 6(c).

If called as a witness at trial, Dr. Hipskind will testify to the facts and opinions contained in his report.  Dr. Hipskind specifically reserves the right to supplement his opinions as a result of additional consultation and evaluation with any additional medical opinions and recommendations.  Plaintiff anticipates that the Defendants will take Dr. Hipskind's deposition prior to the discovery cut-off—Dr. Hipskind may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Hipskind reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**7.  TRENT C. HOLMBERG, M.D., FAPA**
**12176 South 1000 East, Suite B**
**Draper, UT 84020**
**801-432-2077**

Trent Holmberg, M.D., FAPA, is an expert board certified psychiatrist with the American Board of Psychiatry and Neurology, in both adult psychiatry and forensic psychiatry.  He obtained a B.A. from the University of Utah, with honors, in 1994; a Doctorate in Medicine from the University of Utah Health Sciences Center, Department of Psychiatry, in 2002.

Dr. Holmberg was retained to provide expert psychiatric evaluation of Amber Lompe. **Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

a.  Dr. Holmberg's report –including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions – is attached as Exhibit 7(a);

b.  Dr. Holmberg's curriculum vitae is attached as Exhibit 7(b);

c.  A listing of any other cases in which he has testified as an expert at trial or by deposition in the preceding four years is attached as Exhibit 7(c); and

d.  Dr. Holmberg does not insist on any special conditions or requirements for taking his deposition.  Dr. Holmberg's professional fee is $400 per hour for consultation, and his fee for deposition or trial testimony is $2,000 for half day and $3,600 for full day (over 4 hours).  His rate sheet is attached as Exhibit 7(d).

If called as a witness at trial, Dr. Holmberg will testify to the facts and opinions contained in his report.  Dr. Holmberg specifically reserves the right to supplement his opinions as a result of additional consultation and evaluation with any additional medical opinions and recommendations.  Plaintiff anticipates that the Defendants will take Dr. Holmberg's deposition prior to the discovery cut-off—Dr. Holmberg may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Holmberg reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**8.   HEATHER ELWELL, M.S. CCC-SLP**
      **Intermountain Healthcare**
      **6656 Scarsborough Lane**
      **West Jordan, UT 84084**
      **801-408-5456**

Ms. Heather Elwell, M.S., CCC-SLP, is an expert speech language pathologist.  She is an ASHA certified and state-licensed speech-language pathologist, working full-time as an outpatient Cognitive, Language, Voice, and Swallow Rehabilitation specialist in a medical setting.  Ms. Elwell was retained to provide expert evaluation of Amber Lompe's speech and language deficits related to her traumatic brain injury and the February 1, 2011 carbon monoxide exposure incident.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

     a.  Ms. Elwell's report –including a summary of her opinions and a comprehensive statement of each of her opinions and the factual basis for each opinions – is attached as Exhibit 8(a);

     b.  Ms. Elwell's curriculum vitae is attached as Exhibit 8(b);

     c.  A listing of any other cases in which she has testified as an expert at trial or by deposition in the preceding four years is attached as Exhibit 8(c); and

     d.  Ms. Elwell does not insist on any special conditions or requirements for taking his deposition.  Ms. Elwell's professional fee is $700 for initial speech-language pathology evaluation; $1000 per day for deposition; and $1,500 per day for trial testimony.  Ms. Elwell's rate sheet is included in Exhibit 8(c).

If called as a witness at trial, Ms. Elwell will testify to the facts and opinions contained in her report.  Ms. Elwell specifically reserves the right to supplement her opinions as a result of additional consultation and evaluation with any additional medical opinions and

recommendations.  Plaintiff anticipates that the Defendants will take Ms. Elwell's deposition prior to the discovery cut-off— Ms. Elwell may also testify at trial regarding any facts and opinions discussed during her anticipated deposition.

Ms. Elwell reserves the right to supplement her opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and she reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**9. ROBIN PRICE, OD, FCOVD**
   **Child & Family EyeCare Center**
   **908 N 2000 W**
   **Pleasant Grove, UT 84062**
   **801-492-6393**

Robin Price, OD, FCOVD, is an expert neuro-optometris; he is board-certified in vision development an vision therapy.  Dr. Price graduated with a B.A. from Brigham Young University in 1999; and he obtained his Doctor of Optometry from NSU Oklahoma College of Optometry in 2004.  Dr. Price completed a fellowship in the College of Optometrists in Vision Development in 2007.  Dr. Price performed a neuro-optometric evaluation of Amber Lompe on September 13, 2012.  Dr. Price's report sets out his opinions and conclusions relevant to his evaluation.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

   a.  Dr. Price's written report - including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions - is attached as Exhibit 9(a);

   b.  Dr. Price's curriculum vitae, including a list of all publications authored within the preceding ten years is attached as Exhibit 9(b).  Dr. Price does not have a list of trial testimony but such has been requested;

   c.  Dr. Price does not insist on any special conditions or requirements for taking his deposition.  Dr. Price's requires $400 per hour for deposition testimony, and he charges $3500 per day for trial testimony.

If called as a witness at trial, Dr. Price will testify to the facts and opinions contained in his report.  Plaintiff anticipates that the Defendants will take Dr. Price's deposition prior to the

discovery cut-off—Dr. Price may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Price reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**10. JAMES M. GRACEY, ED.D., CRC, CLCP**
   **Colorado Institute for Injury**
   **1660 S. Albion Street, Ste. 1010**
   **Denver, CO  80222**
   **303-757-6970**

James M. Gracey, Ed.D., CRC, CLCP, is an expert Rehabilitation Consultant and Therapist and a Certified Life Care Planner.  Dr. Gracey has extensive experience in evaluating patients with physically limiting injuries, using medical histories and current physical conditions. Dr. Gracey is then able to, based on his education, training, and experience recommend a suitable future career and life path that would be achievable given the patient's physical limitations.

Dr. Gracey has performed an interview and extensive evaluation with Amber Lompe.  Dr. Gracey also performed a Vocational Rehabilitation Evaluation of Amber Lompe considering the effects of the injuries she suffered, and he performed an extensive review of her medical history and records also incorporating and working with her treating medical providers.  Dr. Gracey's rehabilitation evaluation report sets out his recommendations for future medical and rehabilitative products and his vocational rehabilitation status.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

    a. Dr. Gracey's written report - including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions - is attached as Exhibit 10(a);

    b. Dr. Gracey's curriculum vitae, including a list of all publications authored within the preceding ten years, and a listing of any other cases in which he has testified as an expert at trial or by deposition in the preceding four years, is attached as Exhibit 10(b);

      c.  Dr. Gracey does not insist on any special conditions or requirements for taking his deposition.  Dr. Gracey's professional fee is $280 per hour, and he requires $575 per hour for testimony and depositions.  The professional fee for his associate consultants is $250 per hour, and testimony and deposition fees are $400 per hour. In the case of deposition testimony the charges begin at the appointed time.  Dr. Gracey's rate sheet is included with his list of testimony at 10(b).

If called as a witness at trial, Dr. Gracey will testify to the facts and opinions contained in his report.  Plaintiff anticipates that the Defendants will take Dr. Gracey's deposition prior to the discovery cut-off—Dr. Gracey may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Gracey reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**11. PAUL A. RANDLE, MBA, Ph.D.**
    **Paul A. Randle & Associates**
    **1125 Fox Farm Road**
    **Logan, Utah  84321**

Paul A. Randle, Ph.D., is an Emeritus Professor of Finance at Utah State University and an expert in the field of economics who completed an evaluation of the economic loss sustained by the Plaintiff as a result of her injuries.  Dr. Randle will testify regarding the nature and extent of the economic losses Amber Lompe will suffer as a result of this incident.  The losses consist of the present value of Amber Lompe's lost earnings capacity and associated benefits, lost earning capacity and the value of medical costs that have been and will be incurred as a result of this incident.  He is also expected to reduce to present value any future medical costs or needs identified by Amber Lompe's physicians and/or incorporated into James Gracey's lifecare plan and vocational rehabilitation report.  He will testify concerning his review of the documents, including income, education and employment information.  Dr. Randle will base his testimony on Amber Lompe's work life expectancy had she not been injured, her vocational assessment and her earnings history, along with statistical labor market data for persons of similar age and background as the Plaintiff.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**

>   a.  Dr. Randle's written report - including a summary of his opinions and a comprehensive statement of each of his opinions and the factual basis for each opinions - is attached as Exhibit 5(a);
>
>   b.  Dr. Randle's curriculum vitae, including a list of all publications authored within the preceding ten years, and a listing of any other cases in which he has testified as an expert at trial or by deposition in the preceding four years, is included with his Rule 26 materials, attached as Exhibit 5(b);
>
>   c.  Dr. Randle does not insist on any special conditions or requirements for taking his deposition.  Dr. Randle's professional fee for routine personal injury cases is a $2,100 retainer, and he works at a rate of $280 per hour for research, analysis, valuation, reading and correcting depositions, and preparation of examinations. Dr. Randle requires $840 for all testimony started and completed in three hours (taken in Logan, Utah, or by telephone) and additional time is billed at $280 per hour; Dr. Randle requires $1,150 for trial and/or deposition testimony taken outside of Logan Utah, and he bills at $280 per hour for any additional time over three hours.  Dr. Randle's rate sheet is included with his Rule 26 materials, attached as Exhibit 5(b).

If called as a witness at trial, Dr. Randle will testify to the facts and opinions contained in his report.  Plaintiffs anticipate that the Defendants will take Dr. Randle's deposition prior to the discovery cut-off—Dr. Randle may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.

Dr. Randle reserves the right to supplement his opinions based upon review of additional information acquired during continuing medical treatment for Amber Lompe, and he reserves the right to provide rebuttal testimony to any opinions offered by the defendants' experts.

**NON-RETAINED WITNESSES WHO MAY BE CALLED TO TESTIFY AT TRIAL AS AN EXPERT WITNESS**

1. **MICHAEL P. CORYELL**
   **Source Gas**
   **1854 Westridge Cir.**
   **Casper, WY 82604**
   **307-235-4098**

Michael Coryell is an expert in Heating, Ventilation, and Air Conditioning (HVAC) and specifically he is an expert in the mechanical functioning of gas-fired furnaces and the combustion process, including but not limited to how a gas fire should properly burn and the relevant dangers associated with incomplete combustion and malfunctioning furnaces. Mr. Coryell is a Class 5 (the highest class available for the company) technician who has worked for SourceGas for over thirty years, and he has worked as a service technician on gas appliances for 23 years.

Mr. Coryell is the SourceGas technician that responded to the emergency call reporting a gas leak at Amber Lompe's Sunridge Apartment on February 1, 2011. Mr. Coryell investigated the cause of the gas leak in the routine course of his business. He made observations immediately after entering Amber Lompe's carbon-monoxide filled apartment, found the emitting gas furnace, and observed the furnace burning improperly and venting carbon monoxide gas into the apartment. Mr. Coryell personally "red tagged" the furnace after inspecting the scene.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:** If called as a witness at trial, Mr. Coryell will testify to the facts and opinions contained in this summary, regarding the facts and opinons contained his deposition that has been taken in this case already, and regarding basic gas fired furnace functioning and associated safety issues with the type of furnace involved in this incident, and to the facts and opinions contained in his deposition which has already been taken in this case.

---

Plaintiff reserves the right to supplement Mr. Coryell's opinions, and Plaintiff reserves the right to designate rebuttal testimony by Mr. Coryell that may rebut opinions designated or preferred by defendants' experts.

## NON-RETAINED TREATING MEDICAL & MENTAL HEALTH PROVIDERS WHO MAY BE CALLED TO TESTIFY AT TRIAL AS AN EXPERT WITNESS

Amber Lompe's health care providers are both expert and factual witnesses and may offer opinions within their expertise. You are notified that Plaintiff reserves the right to call any person having factual knowledge, whether listed as an expert or not, if otherwise disclosed in records provided to you, including answers to interrogatories or documents that you have received or will receive during the course of this case. You are also notified that this would include the custodian of records in order to identify records for the purpose of admission at trial, nurses, physicians, and other hospital health care providers who may have had some role in preparing any medical records, rendering treatment, or doing any diagnostic testing on Amber Lompe. Amber Lompe is still under the care and treatment of various health care providers for the injuries she sustained in this case and Plaintiff reserves the right to supplement this disclosure to include any additional care, treatment and other services received after the date of this disclosure.

You are further notified that Plaintiff reserves the right to ask such treating health care providers and other people for opinions that are within their knowledge, training and experience or factual information about this case or about any issue involving this case. These opinions will encompass medical treatment, observations, and opinions regarding Amber Lompe's injuries. The opinions will also encompass the fairness and reasonableness of both the medical treatment received and the medical bills incurred by Amber Lompe. Such individuals will also testify to the facts and opinions contained in their medical records which have been produced in this case and to any facts and opinions contained in their medical records which have been produced in this case and to any facts and opinions contained in their depositions which may have been taken in this case.

The following health care providers are the ones that we believe, at this time, may be called as witnesses. This is not intended to be a complete list of such health care providers. Plaintiff refers you specifically to the records you have obtained in this case, answers to

interrogatories, Amber Lompe's medical records, and the depositions that may still be taken in this case.

1. **ANGELO SANTIAGO, M.D.**
   **Central Wyoming Neurology, LLC**
   **5820 East 2nd Street**
   **Casper, WY 82609**
   **307-234-9037**

Dr. Angelo Santiago is Amber Lompe's treating neurologist.  Dr. Santiago is a non-retained treating doctor who has treated Amber Lompe for her traumatic brain injury and related issues stemming from the February 1, 2011 carbon monoxide exposure incident.  If called as a witness, Dr. Santiago will testify to the facts and opinions contained in the medical records that have been produced in this case.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**  Plaintiff specifically expects Dr. Santiago to testify consistent with his medical records and with his treatment of Amber Lompe, beginning shortly after her exposure in 2011 and continuing, today.  Specifically, Plaintiff anticipates that Dr. Santiago will testify regarding his traumatic brain injury diagnosis, and regarding the ongoing medical care and monitoring and medication necessary to treat Amber's injuries.

If called as a witness at trial, Dr. Santiago will testify to the facts and opinions contained in this summary.  Plaintiff anticipates that the Defendants will take Dr. Santiago's deposition prior to the discovery cut-off—Dr. Santiago may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.  Plaintiff does not have any information regarding special conditions or requirements which Dr. Santiago will require for taking his deposition or the amount of compensation the expert will require.  Plaintiff requested this information from Dr. Santiago's office on May 9, 2013—Plaintiff will supplement these details upon receipt from Central Wyoming Neurology.

Plaintiff reserves the right to supplement Dr. Santiago's opinions based upon review of additional information acquired during the continuing medical treatment for Amber Lompe, and Plaintff reserves the right to designate rebuttal testimony by Dr. Santiago that may rebut opinions designated or proferred by defendants' experts.

**2.  TODD ERICKSON, PA-C**
   **Central Wyoming Neurology, LLC**
   **5820 East 2nd Street**
   **Casper, WY 82609**
   **307-234-9037**

Todd Erickson, PA-C is Amber Lompe's treating neurology physician's assistant.  Mr. Erickson is a non-retained treating doctor who has treated Amber Lompe for her traumatic brain injury and related issues stemming from the February 1, 2011 carbon monoxide exposure incident.  If called as a witness, Mr. Erickson will testify to the facts and opinions contained in the medical records that have been produced in this case.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:**  Plaintiff specifically expects Mr. Erickson to testify consistent with his medical records and with his treatment of Amber Lompe, beginning shortly after her exposure in 2011 and continuing, today.  Specifically, Plaintiff anticipates that Mr. Erickson will testify regarding his traumatic brain injury diagnosis, and regarding the ongoing medical care and monitoring and medication necessary to treat Amber's injuries.

If called as a witness at trial, Mr. Erickson will testify to the facts and opinions contained in this summary.  Plaintiff anticipates that the Defendants will take Mr. Erickson's deposition prior to the discovery cut-off— Mr. Erickson may also testify at trial regarding any facts and opinions discussed during his anticipated deposition.  Plaintiff does not have any information regarding special conditions or requirements which Mr. Erickson will require for taking his deposition or the amount of compensation the expert will require.  Plaintiff requested this information from Mr. Erickson's office on May 9, 2013—Plaintiff will supplement these details upon receipt from Central Wyoming Neurology.

Plaintiff reserves the right to supplement Mr. Erickson's opinions based upon review of additional information acquired during the continuing medical treatment for Amber Lompe, and Plaintiff reserves the right to designate rebuttal testimony by Mr. Erickson that may rebut opinions designated or proferred by defendants' experts.

---

3. **JASON POOT, MS, LPC**
   **The Healing Place**
   **5725 Highland Dr.**
   **Casper, WY 82609**
   **307-265-3977**

Jason Poot, MS, LPC, is a psychiatric rehabilitation specialist and Amber Lompe's treating mental health counselor. Mr. Poot has a BA in Communications from Concordia College in Moorhead, Minnesota; and an MS in counseling from the University of Wyoming. Mr. Poot is a non-retained treating counselor who has treated Amber Lompe for psychological and emotional damages related to the traumatic brain injury and related issues stemming from the February 1, 2011 carbon monoxide exposure incident. If called as a witness, Mr. Poot will testify to the facts and opinions contained in the medical records that have been produced in this case.

**Summary of testimony / comprehensive statement of each of the opinions of such witness and the factual basis for each opinion:** Plaintiff specifically expects Mr. Poot to testify consistent with his medical records and with his treatment of Amber Lompe, beginning shortly after her exposure in 2011 and continuing, today. Specifically, Plaintiff anticipates that Mr. Poot will testify regarding any diagnosis, the emotional and psychological damages Amber Lompe has suffered as a result of the carbon monoxide exposure incident, and regarding the ongoing medical care and monitoring and medication necessary to treat Amber's injuries.

If called as a witness at trial, Mr. Poot will testify to the facts and opinions contained in this summary. Plaintiff anticipates that the Defendants will take Mr. Poot's deposition prior to the discovery cut-off— Mr. Poot may also testify at trial regarding any facts and opinions discussed during his anticipated deposition. Plaintiff does not have any information regarding special conditions or requirements which Mr. Poot will require for taking his deposition or the amount of compensation the expert will require. Plaintiff requested this information from Mr. Poot's office on May 9, 2013—Plaintiff will supplement these details upon receipt from The Healing Place.

---

Plaintiff reserves the right to supplement Mr. Poot's opinions based upon review of additional information acquired during the continuing medical treatment for Amber Lompe, and Plaintiff reserves the right to designate rebuttal testimony by Mr. Poot that may rebut opinions designated or proferred by defendants' experts.

## DEFENSE EXPERTS

Plaintiff reserves the right to designate and/or call any and all expert witnesses retained by the Defendants to testify at trial.

## REBUTAL EXPERTS

Plaintiff reserves the right to designate additional rebuttal testimony from experts identified in this disclosure to address and/or rebut the opinions or conclusions proffered by the Defendants' experts.  Plaintiff further reserves the right to designate additional experts (in additional fields) as reasonable and necessary to provide rebuttal opinions and/or testimony in response to opinions advanced by Defendants' experts or in response to discovery obtained by Defendants.

DATED this 10th day of May, 2013.

_____/s/_____

Tyson E. Logan, Wyoming Bar #6-3970
logan@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 fax
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of May, 2013, a true and correct copy of the above and foregoing was served to the following via ECF.

Peter S. Dusbabek
Jolene Blair
Montgomery, Kolodny, Amatuzio & Dusbabek, LLP
pdusbabek@mkadlaw.com

_____/s/_____
Tyson E. Logan